UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:13-CR-74-TAV-CCS-3 ) |
| CHAD HOUSTON MONEY, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's *pro se* motion requesting jail credit [Doc. 163]. In his motion, defendant asks the Court to grant him credits toward his sentence for the time he spent in custody between May 10, 2013, when he came in to custody for a violation of probation, and March 24, 2015, the date of his sentencing [*Id*.].

Defendant's request cannot be granted however, because "[t]his Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b)." *United States v. Williams*, 2008 WL 3850212, at *1 (W.D. Tenn. Aug. 18, 2008). While the Court may make certain recommendations to the Bureau of Prisons, "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3535(b); *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons.").

If the Bureau of Prisons declines to credit the defendant's time served, the defendant may then raise his claims through the Bureau's Administrative Remedy Program. *Setser v. United States*, 132 S. Ct. 1463, 1473 (citing 28 C.F.R. § 542.10, *et seq.*). After exhausting administrative remedies, the defendant may then petition for a writ of habeas corpus under 28 U.S.C. § 2241, a petition which must be filed in defendant's district of confinement.

Accordingly, defendant's motion requesting jail credit [Doc. 163] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE